# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| James A. Griffin,        )<br>                              )<br>        Plaintiff,        )<br>                              )  Civil Action No. 6:23-cv-4454-TMC<br>    v.                        )<br>                              )  **ORDER**<br>First Progress,              )<br>                              )<br>        Defendant.       )<br>_____)   | |

  Plaintiff James A. Griffin, proceeding *pro se* and *in forma pauperis*, filed this action against Defendant First Progress, asserting claims under the Truth in Lending Act and the Fair Debt Collection Practice Act and that Defendant deprived his constitutional rights under the Fourth and Fifth Amendments as well as 18 U.S.C. § 242 and defamed him. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 15, 2023, the magistrate judge entered an order affording Plaintiff an opportunity to provide required information for evaluation and service of process and warning Plaintiff that the failure to provide such information might result in summary dismissal of his case. (ECF No. 9). Plaintiff failed to respond to the order; accordingly, the magistrate judge issued a second proper form order on October 16, 2023, again advising Plaintiff that his failure to provide the specified information could result in the dismissal of his case. (ECF No. 11). Once again, Plaintiff did not respond to the order.

  Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this action be dismissed with prejudice pursuant to F.R.C.P. 41(b) for failure

to comply with court orders and for failure to state a claim for relief. (ECF No. 16 at 3–6). Plaintiff has filed objections to the Report. (ECF No. 18). This matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir.

2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985)).

In his objections, Plaintiff does not dispute that he failed to respond to the court's orders or that he failed to ever supply the court with the requested information, and he does not offer the requested information even now. *Id.* at 18. Rather, Plaintiff suggests that ignoring such court orders is not conduct that calls for the magistrate judge's recommended disposition of the case. *Id.* at 3. The court disagrees and overrules this objection. *See, e.g., Samuel v. Little*, No. 4:22-cv-1968-TMC, 2023 WL 1463706, at *1 (D.S.C. Feb. 2, 2023). To the extent Plaintiff objects on the basis that the magistrate judge's analysis and recommendation constitutes discriminatory conduct under the Americans with Disabilities Act, *id.* at 4, the court rejects the argument as wholly frivolous. Plaintiff's objections fail to identify any reason that would require this court to deviate from the magistrate judge's recommended disposition. Therefore, the court overrules Plaintiff's objections.

Having reviewed the Report and Plaintiff's objections in light of the and the record, the court finds no error and **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 16), which is incorporated herein by reference.  Accordingly, Plaintiff's action is hereby **DISMISSED** with prejudice, without further leave to amend, and without issuance and service of process.

Finally, Plaintiff is a repeat filer.  Including this action, he has recently initiated seven actions in this court, to wit:  *See Griffin v. Santander Consumer USA*, Case No. 6:23-cv-06366-TMC (recommended for dismissal); *Griffin v. T-Mobile*, Case No. 6:23-cv-04453-TMC (summarily dismissed for failure to comply with court orders and for failure to state a claim for relief); *Griffin v. State Farm*, Case No. 6:23-cv-04452-TMC (summarily dismissed for failure to comply with court orders and for failure to state a claim for relief); *Griffin v. State Farm*, Case No. 6:23-cv-5595, (Voluntary dismissal); *Griffin v. Greenville County School District*, Case No. 6:23-cv-5596, (Voluntary dismissal); *Griffin v. T-Mobile*, C/A No. 6:23-cv-5639 (recommended for dismissal and sanctions).[1]

This court has the authority to dismiss an in forma pauperis action if it is frivolous or malicious. A complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989).  Plaintiff's meritless and vexatious filings result in the waste of valuable and limited judicial resources that could be utilized to address meritorious claims of litigants awaiting decisions by the court. The court has the inherent power to prevent such abusive practices to stop the filing of meritless and repetitive complaints.  ***Accordingly, notice is hereby given to the Plaintiff that the continued filing of frivolous, abusive, or vexatious actions may result in the imposition of a requirement***

---

[1] The court may take judicial notice of the content of court records.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

*that filing fees be paid and/or the imposition of a pre-filing injunction and/or other sanctions as provided by law.*

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
February 29, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.